John J.E. Markham, II (CA Bar No. 69623)
Elizabeth Read (CA Bar No. 87618)
MARKHAM & READ
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617) 742-8604
Email: jmarkham@markhamread.com
          eread@markhamread.com

Attorneys for Plaintiff BRUCE CAHILL

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BRUCE CAHILL,<br><br>  Plaintiff,<br><br>  -- vs. --<br><br>OLIVIA KARPINSKI and PAUL EDALAT,<br><br>  Defendants. | CASE NO:  8:18-cv-00331-CJC-RAO<br><br>**FIRST AMENDED COMPLAINT AGAINST DEFENDANTS OLIVIA KARPINSKI AND PAUL EDALAT SEEKING DAMAGES FOR KNOWINGLY FALSE ACCUSATIONS AGAINST BRUCE CAHILL MADE TO THE IRVINE POLICE DEPARTMENT, MADE IN A SWORN COMPLAINT SEEKING A PROTECTIVE ORDER, AND MADE IN PUBLIC STATEMENTS, ALL IN AN UNLAWFUL ATTEMPT TO HARASS AND INTIMIDATE BRUCE CAHILL BECAUSE HE BROUGHT A FEDERAL LAWSUIT AGAINST THEM AND TESTIFIED IN THAT LAWSUIT, IN VIOLATION OF 42 U.S.C. §1985(2), AND FOR INJUNCTIVE RELIEF** |

FIRST AMENDED COMPLAINT FOR DAMAGES AGAINST KARPINSKI AND EDALAT

This First Amended Complaint is filed under the authority of Rule 15(a)(1), Fed. R. Civ. P., which allows such an Amended Complaint as a matter of course.

Plaintiff Bruce Cahill makes this First Amended Complaint against Olivia Karpinski ("Karpinski") and Paul Edalat ("Edalat") under the anti-harassment and intimidation provisions of 42 U.S.C. §1985(2) , alleging as follows:

**Nature of the Case**

1.      During the afternoon and evening on September 25, 2017, Bruce Cahill was in the Intensive Care Unit ("ICU") of Mission Hospital, first at the Laguna Beach, California facility and then at the nearby Mission Viejo facility, by the side of his wife who had suffered a heart attack and a stroke. He was there with his son and daughter, and doctors, and nurses.

2.      On that same day and time, and specifically at 5:35 p.m. to 5:40 p.m., while Cahill was in the ICU with his wife, Defendant Olivia Karpinski was in an office building at 17809 Gillette Avenue in Irvine, California, some 20 miles away from the ICU. From that Irvine address and on that same day and time, Karpinski telephoned the Irvine Police and falsely told the responding police officer that Bruce Cahill was present at that same date and time at the Gillette address in Irvine, stalking her. This was a lie; he was at the Mission Viejo hospital 20 miles away. As a result and at the critical time for Bruce Cahill and his family, he was telephoned by an Irvine police detective while he was at his wife's side, accused of stalking Karpinski in Irvine, and threatened with criminal prosecution.

3.      Karpinski's lie about Plaintiff Cahill stalking her on that day was one of many lies she and Paul Edalat have told about Bruce Cahill, including (i) on two other occasions when Karpinski falsely told the Irvine Police that Bruce Cahill had committed sexual assault or battery against her, (ii) in a perjured affidavit filed in the Orange County Superior Court in which Karpinski falsely claimed that she feared for her safety because Bruce Cahill was "harassing," "stalking," and "intimidating" her, and putting her in fear of her safety, and swearing to many false statements to "support" her false claim, and (iii) in false, publicly-posted statements made by Karpinski that Bruce Cahill had "sexually assaulted" her when he had not, that he was being investigated for bank fraud and embezzlement when he was not, and by making false statements sent to the University of California at Irvine where Bruce Cahill sits on a Foundation Board of Trustees, that Bruce Cahill is a sex harasser who the University should not allow around the young women on campus, and by falsely claiming, in concert with her companion Edalat, that Bruce Cahill is an embezzler as bad as Bernie Madoff.

4.      Paul Edalat, acting in concert with Karpinski, joined in many of these false and damaging statements made by Karpinski and made other false statements disparaging Bruce Cahill's daughter and son, and claiming publicly that Bruce Cahill was the "West Coast Bernie Madoff," an embezzler, a tax cheat, and that he traffics in drugs, among other false statements.

5.      Karpinski and Edalat have told all these lies about Bruce Cahill as part of a concerted effort to intimidate, harass, and retaliate against Cahill, and to injure him in his

property because he filed, in federal court, fraud and other charges and testified against Karpinski and her companion, Paul Edalat. Karpinski and Edalat agreed to go on the smear campaign against Bruce Cahill and his family described herein.

6.     Plaintiff Bruce Cahill has built an excellent reputation in and around Orange County. He has built this reputation over decades by his success in creating and running companies with many employees, by his many kind deeds to employees, and by his contributions to charity. He is known as respectful and devoted to the well-being of his employees, and as being generous, honest, and devoted to local charities and to the University of California at Irvine, where he sits as a longtime trustee on the board of the UCI Foundation formed to support that University.

7.     Karpinski and Edalat have set about to injure Cahill's reputation by cynically making false allegations of sexual misconduct against him, cheapening the genuine claims of those who have truly been abused in the work place and misusing their genuine cause in furtherance of Karpinski's and Edalat's unlawful conduct in attempting to smear Bruce Cahill.

8.     Bruce Cahill has been injured in his property by reason of the conduct of Karpinski and Edalat described herein.  He brings this action seeking damages under the federal anti-harassment and intimidation law (42 U.S.C. §1985(2)) which prohibits the conduct of Karpinski and Edalat described herein.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**The Parties**

9.     Plaintiff Bruce Cahill ("Cahill") is a citizen of the state of California, domiciled in Orange County, California.

10.     Defendant Olivia Karpinski is, upon information and belief, either a citizen of the state of Nevada, residing in Las Vegas, or of the state of California, residing in or around Los Angeles.

11.     Defendant Paul Edalat is, upon information and belief, either a citizen of the state of Nevada residing in Las Vegas, or of the state of California, residing in or around Los Angeles.

**Jurisdiction and Venue**

12.     This Court has original, subject matter jurisdiction over Count I of this First Amended Complaint pursuant to 28 U.S.C. §1343 which confers original jurisdiction in this Court over claims brought under 42 U.S.C. §1985(2) seeking to recover damages and other relief against those, such as the Defendants Karpinski and Edalat, who have conspired to injure Cahill in his person or property by reason of his having attended and testified as a witness in a federal proceeding. There is also, for this reason, federal question jurisdiction under 28 U.S.C. §1331 since this claim arises under the laws of the United States.

13.     Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims stated herein occurred within this District.

**Background**

14.     Plaintiff Cahill engages in business and charitable activities in and around Southern California and elsewhere. Among other business activities, he makes investments in ventures that he deems worthwhile. In or around 2014 and early 2015, he and other investors invested approximately $3,000,000.00 into a newly-formed company called Pharma Pak, Inc. ("Pharma Pak"), an Irvine, California-based company formed to attempt to market various types of medical products.

15.     However, by March of 2016, Pharma Pak had failed as a company. After an investigation had been conducted, Plaintiff Cahill and three other investors came to the belief that the company failed because of fraud and other misconduct engaged in by Karpinski, her companion Edalat, and certain others.

16.     As a result, Bruce Cahill and the three other investors filed a lawsuit against Karpinski and Edalat in federal court in this District claiming that Cahill and the others had lost their investment because of various acts of fraud and other wrongdoing committed by Karpinski, Edalat, and others.  The case brought by Cahill was entitled *Bruce Cahill, et al., v. Paul Edalat, Olivia Karpinski, et al.*, (Case No. 8:16-cv-00686-AG-DFM, U.S.D.C. Central District of California). This case is hereinafter referred to as the "Fraud Case."

17.     Cahill's Fraud Case was commenced by the filing of a Complaint with the federal court on April 12, 2016. After that Complaint was amended to add some new

FIRST AMENDED COMPLAINT FOR DAMAGES AGAINST KARPINSKI AND EDALAT

facts and parties on May 16, 2016, Karpinski and Edalat were served with a copy of that Amended Complaint, later in May, officially making them defendants in the Fraud Case.

18.     Normally, when such a case is filed with the federal court and served on the defendants (as this Fraud Case was served on Karpinski and Edalat), those who are charged as defendants will either admit their wrongdoing and settle with the plaintiffs who have brought the case or, if the defendants deny the charges against them, they will file a written denial and then take the case through the court system and to a trial where a judge or jury will decide who should prevail. Defendants may also make counterclaims against the plaintiffs for wrongdoing they contend plaintiffs committed and the jury will decide those claims as well.

19.     After the initial charges and counterclaims have been filed, both sides then have a fair opportunity before trial to develop their proof by gathering witnesses and documents. Thereafter, each side takes the proof they have to the courtroom and presents it to the jury by witness testimony and document presentation. The judge then instructs the jury on the legal principles applicable to the case, and the jury retires and decides which party should prevail.

20.     This has been our legal system for peacefully resolving civil disputes for hundreds of years. Both sides to a civil dispute have the right to present their evidence and to come to court and state their case without fear of being harassed, intimidated, or injured in any way because they have brought a case and come to court to present their side in that case, or because they have testified in that case either before or during the

FIRST AMENDED COMPLAINT FOR DAMAGES AGAINST KARPINSKI AND EDALAT

trial. Each side can vigorously contest the other's evidence in the courtroom in a contest of facts presided over by a judge. They can make forceful arguments and even accuse the other side of wrongdoing in open court or in pleadings filed in the case as long as the accusations are not false and as long as they are allowed under the rules of evidence. However, they are not allowed to smear the other side outside the courtroom, in public, or by filing false claims in courts, or with police departments, or by public defamation and libel, in an attempt to injure the other side because they have pursued a case in federal court.

21.    In fact, all parties to a federal civil case are protected under federal law from such harassment and intimidation. Title 42 U.S.C. §1985(2) prohibits any party from taking any concerted action with another person to intimidate someone from testifying freely, fully, and truthfully in a case, and also prohibits injuring anyone in his person or property because he has brought a case to court or has testified in that case. This federal law seeks to make sure that the facts and the law presented in a court under the supervision of a federal judge decide the controversy, rather than intimidation or harassment outside the courtroom and court pleadings. The statute just quoted prohibits such intimidation and harassment while the case is pending and after it has been decided.

22.    Karpinski and Edalat violated these federal protections from the very early stages of the Fraud Case and they continue to do so long after that case was brought to trial and decided.  Indeed, while the Fraud Case was pending, the trial judge made it known and their own lawyers expressed to Edalat and Karpinski, that various of the

FIRST AMENDED COMPLAINT FOR DAMAGES AGAINST KARPINSKI AND EDALAT

matters they were publicly posting should not be posted. Both Edalat and Karpinski disregarded these admonitions so that they could continue with their harassment and intimidation of Bruce Cahill.

23.     Shortly after they were served with the Amended Complaint and thus made a party to the Fraud Case, Karpinski and Edalat decided to work in concert to make numerous false and highly-damaging statements against Bruce Cahill in an attempt to intimidate and harass him into dropping the Fraud Case, as well as to injure him because he had brought that case. Karpinski and Edalat were not willing to let the case unfold in the courtroom on the evidence.

24.     The Fraud Case ultimately went to trial in July and August, 2017. Karpinski and Edalat lost. While Karpinski made claims against Cahill and sought $2,000,000.00 in punitive damages, she received not one penny. An award of $10,000.00 was made in her favor against Cahill but an award of $11,000.00 was made against her and in favor of Cahill. Edalat also lost. He received an award in his favor of $250,000.00 but judgment was entered against him in the amount of $880,000.00.

25.     However, as shown below, the conduct of Karpinski and Edalat while that Fraud Case was pending, and since it has been concluded in the federal trial court, has damaged and continues to damage Bruce Cahill. Karpinski and Edalat were not content to let the facts of the case be decided by the jury, but instead have engaged in a sustained effort to intimidate and harass Bruce Chill in the manner described below.

FIRST AMENDED COMPLAINT FOR DAMAGES AGAINST KARPINSKI AND EDALAT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**The Intimidation and Harassment**

**In General**

26.     Commencing in or around June, 2016, defendant Karpinski combined and agreed with her co-defendant and companion Paul Edalat to attempt to intimidate and injure Cahill because he had brought the Fraud Case against them and because Bruce Cahill attended to that case in court and testified both before and during the trial of that Fraud Case. They decided that the most effective way to intimidate and injure Bruce Cahill was to use the growing concern throughout the country about sexual misconduct and sexual harassment and to falsely claim that Cahill had engaged in such conduct against her, which he had not done. She engaged in a repeated campaign of false statements made publicly in postings on her Instagram site and elsewhere, made in false sworn statements filed with the Superior Court in Irvine, California, in an attempt to have that court issue a restraining order against Bruce Cahill, and in false police reports made against Cahill in an attempt to have him prosecuted for sexual crimes and for stalking which crimes had not been committed as she well knew.

**Public Postings of False Accusations**

27.     As part of her concerted effort, Karpinski, in combination with Edalat,  made numerous false, public statements charging Bruce Cahill with sexual misconduct and other misconduct, including the following:

FIRST AMENDED COMPLAINT FOR DAMAGES AGAINST KARPINSKI AND EDALAT

(a) Karpinski falsely stated that Cahill sexually assaulted her and had sexually harassed her. As she published these false and injurious statements publicly on Instagram:

> As some of you know, I worked as an executive for a pharma company, Pharma Pak, and fully dedicated myself to the company, even moving away from my home in LA to Orange County *and turning down another job offer in LA to take the job*. Laguna Beach native, Trustee at UCI, and CEO of the Company, Bruce Cahill, *induced me to take the job under false pretenses and promises*. *Not knowing that he had a history of sexual harassment claims against him*, I took the job and soon after I started, *he made inappropriate advances towards me and would make constant derogatory statements about women and young girls. I found myself in a predicament where I was in a constantly stressful and hostile environment and was sexually assaulted* after being given a promotion. Shortly after being given a promotion.

[Karpinski Instagram publicly posted on September 9, 2016] All the italicized statements quoted above are false as Karpinski well knew and still well knows.

(b) Karpinski made ongoing posts that Cahill sexually assaulted her and tagged UC Irvine in her posts to intentionally and maliciously harm Cahill's reputation and position as a trustee on the board of a Foundation that works with and for the University of California at Irvine:

> I will continue to fight my case against @ucirvine trustee @pharmceo [sic] #brucecahill and hope with the support of @hillaryclinton that we can bring awareness to this serious issue. Never forget that you have a voice. My hope in standing up for myself is that what happened to me will never happen to any other woman or person. #imwithher   #hrc   #stop   #sexualassault   #awareness   #disgusting #assaultandbattery #abuse #leanin #standup #feminist #notokay

FIRST AMENDED COMPLAINT FOR DAMAGES AGAINST KARPINSKI AND EDALAT

[Karpinski Instagram publicly posted on October 11, 2016]. Karpinski never had any support from Hillary Clinton, nothing ever "happened" to her by way of inappropriate conduct by Bruce Cahill by way of either sexual assault or sexual battery, as she well knew and well knows.

(c) Karpinski posted along with a photo of Cahill and Donald Trump:

> #berniemadoff, whoops I mean #donaldtrump, wait, sorry I mean @ucirvine trustee #brucecahill a.k.a. @pharamceo …

> You want to violate corporate law, *sexually harass employees and make derogatory statements about women and young girls* and then sue innocent and hardworking people?

[Karpinski Instagram publicly posted on October 19, 2016] The italicized statements quoted above are false as Karpinski well knew and still well knows, nor is there any link or parallel between Bruce Cahill and either the criminal conduct of Bernie Madoff or the sexual misconduct that was being alleged at the time against then presidential candidate Donald Trump, all as Karpinski well knew and still well knows.

(d) Karpinski posted an L.A. Times article discussing Bruce Cahill and the lawsuit and wrote underneath that article, on the day after Cahill sat for his deposition in this case, as follows:

> Wow, what a great read @thedailypilot @latimes! Full link in bio. *What makes it better is the same lie SOMEBODY told to the press that was published in this article was also made in a deposition yesterday UNDER OATH and was then proved wrong in an audio recording.* Well, that's embarrassing and uh oh is right. *There's nothing more pathetic than a 70 year old man LYING in a deposition. So what happens when a TRUSTee LIES? What else is he hiding and lying about?* …

#berniemadoff #westcoatberniemadoff #lawsuit #lawyer #ucirvine

[Karpinski Instagram publicly posted on October 28, 2016] All the italicized statements quoted above are false as Karpinski well knew and still well knows. Nor is there any link between the criminal conduct of Bernie Madoff and Bruce Cahill as Karpinski well knew and still well knows. Following this false posting and using the same stock photograph, the following appeared in a publication called The Dirty Army under the title "Bruce Cahill Is a Disgusting Creep":

THE DIRTY ARMY: Nik, have you heard of this guy Bruce Cahill? I went to high school with Cahill's daughter Kira and I always remember her being a snob. Now she's friends with Blair Fowler a wannabe YouTube star lol and trying to be an actress or something. Anyways I went to UCI out of high school and sexual harassment was a big thing there and the admin didn't care. Came across this story in the LA times and even tho Mr. Cahill denies harassing his employee I'm telling you he was such a CREEP when Kira would have people over to her giant house in Laguna. She used to invite a bunch of girls over to swim and he would like stand outside watching us or sit by the pool in his shorts with us in our bikinis and try to talk to us. The last time our senior year we went to the house Kira got really upset and started yelling at him because she caught him staring thru the upstairs window. There was a girl in our group that stopped hanging out with Kira and I've always wondered why. Mr. Cahill always made sure to tell us how much money his house was worth and make jokes about how pretty we would be or when we would turn 18. I guess in HS you don't really think of this stuff as bad or anything. His wife was really nice, but she seemed to hide when people came over. Anyways dirty army should put this guy and UCI on blast because he's a dirt bag and so is UCI for letting this guy still be there.

["UCI's Bruce Cahill Is A Disgusting Creep", publicly posted on thedirty.com on November 14, 2016.] All of the statements made above are false as Karpinski knew and still well knows.

FIRST AMENDED COMPLAINT FOR DAMAGES AGAINST KARPINSKI AND EDALAT

(e) Karpinski posted an article on LinkedIn entitled "Sexual Harassment – Not Just Hollywood" in which Karpinski falsely compares Cahill to Harvey Weinstein and includes among other statements about Cahill the following:

What happened in the Harvey Weinstein cases is not something that has happened once. . . .  It happened to me too and it is my hope that, through awareness, that it never happens again.

* * *

*The Irvine Police Department tried to deter me from filing the sexual harassment [sic] and assault report, even when I feared for my safety in fighting this high-powered CEO.* I was hysterically crying by the time I left the police station, but gathered myself, turned right around and demanded a report be filed. …

[Karpinski LinkedIn article publicly posted October 16, 2017] The italicized statements quoted above are false as Karpinski well knew and still well knows.

(f) Karpinski posted the content of a LinkedIn article again on her Facebook page with the additional statement:

I've been watching the Harvey Weinstein cases unfold and the bravery of the women coming forward inspired me to come forward with my story. *I won my sexual harassment case against Bruce Cahill in federal court last month* and am now rebounding from a nasty year and a half (if you're wondering where I've been).  * * * But I won, so here goes: [LinkedIn article content reposted]

[Karpinski Facebook publicly posted October 17, 2017] All the italicized statements quoted above are false as Karpinski well knew and still well knows.

(g) Karpinski posted an image that read "Boys Will Be ~~Boys~~ Held Accountable for their Fucking Actions" along with the statement:

FIRST AMENDED COMPLAINT FOR DAMAGES AGAINST KARPINSKI AND EDALAT

*I just won a federal sexual harassment case by unanimous jury against high-powered CEO and @ucirvineUCI Foundation Trustee, Bruce Cahill Case 8:16-cv-00686. However, he has yet to apologize, is still smearing me in the media and stating to the media that my claims are unfounded and he STILL SITS ON A SCHOOL BOARD AFTER BEING FOUND BY A UNANIMOUS JURY FOR SEXUAL HARASSMENT. Let me repeat that. This is not an allegation of sexual harassment. Bruce Cahill was found by a unanimous federal jury for sexual harassment and STILL sits on a school board for @ucirvine. If the UC Irvine foundation keeps Bruce Cahill on the Board, they are complicit. Why is it that women like @therealgretchencarlson @iiswhoiis and myself, a pharmaceutical executive, get gagged when we report sexual harassment (I was found for defamation for posting that he sexually harassed me), but these men can maintain their positions of power and push people around with their 30 million dollar homes and "status." Without being held accountable, they keep on doing it.*

[Karpinski Instagram publicly posted on October 19, 2017] All the italicized statements quoted above are false as Karpinski well knew and still well knows.

(h) Karpinski posted a photograph of herself with California's Attorney General, the Honorable Xavier Becerra along with the statements:

*Following my triumph in my federal sexual harassment and wrongful termination case against @ucirvine Trustee, Bruce Cahill, (Case 8:16-cv-00686), it was an honor to be an invitee to a private reception last night honoring California's Attorney General, Mr. Xavier Becerra.* As a woman in business, it gives me great confidence to be surrounded by men who empower women to assume positions of power, who stand up for women's rights and who have zero tolerance for sexual harassment and wrongful treatment of women. *Mr. Becerra stated last night that he has zero tolerance for fraud, more specifically, bank fraud. Told ya there was more to my case. Stay tuned...*

#xavierbecerra #2018 #attorneygeneral #ag #california  #lawenforcement #bankfraud  #madoffwithacompany #fraud #breachoffiduciaryduty #law #lawyer #legal #maliciousprosecution #female #entrepreneur #girltrepreneur #metoo …

FIRST AMENDED COMPLAINT FOR DAMAGES AGAINST KARPINSKI AND EDALAT

15

[Karpinski Instagram posted publicly October 27, 2017]  All the italicized statements quoted above are false as Karpinski well knew and still well knows. This post by Karpinski was made in concert with Paul Edalat who also posted a photograph of himself with Attorney General Becerra from the same event stating: "Great dinner meeting with ATTORNEY GENERAL #xavierbecerra top cop in CA. @ucirvine @ucirvinepd #firstfoundationbank. #fraudcop #fraudfighter" [Edalat Twitter publicly posted October 27, 2017] Both of these public postings by Karpinski and Edalat are a continuation of their ongoing campaign of intimidation and harassment against Cahill as shown by their prior postings where false statements were made against Cahill in which Karpinski and Edalat tagged "@ucirvine" and Cahill's bank "#firstfoundationbank" and made false allegations of fraud and compared Cahill to Bernie Madoff (as shown in the Karpinski posts above and Edalat posts shown later herein).

### False Statements under Oath in a Court Filing

28.    On March 16, 2017, Karpinski filed an application for a civil harassment restraining order against Cahill in Orange County Superior Court in which she made the following false statements against Cahill, which she swore to falsely under oath:

(a) "On or around June 12, 2015, Bruce Cahill invited me to a lunch at Il Fornaio in Irvine, California. He proceeded to become visibly inebriated and made unwanted and inappropriate sexual advances;"

(b) "On or around November 5, 2015, Bruce Cahill made unwanted contact with me by grabbing my arm and pulled me towards him. He tried to kiss me but I

turned my face away and wrestled away from him. The unwanted kiss landed

on my cheek;"

(c) "On November 19, 2015, Cahill drove Karpinski to a meeting in San Diego

with potential business connection Stephen McCamman, Cahill left a copy of

'Playboy Magazine' plainly visible in the vehicle, knowing I would be a

passenger for many hours;"

(d) "On or about November 25, 2015, in a meeting with potential web developer

Gaby Moussa of GMI Design, Pharma Pak, Inc. I.T. contractor Mark Erfurt

and me, Cahill made the comment, "If it fucks, flies, or floats: rent it", a

derogatory reference to women as commodities and to me;"

(e) "In or about December 2015, Cahill made further sexually derogatory,

inappropriate, and unwelcome comments to me in an attempt to humiliate her

in front of her colleagues, by addressing her with such diminutive terms as

"honey" and "babe", as well as saying "thanks honey", and "nice skirt;"

(f) "On Thursday, March 23, 2017, I noticed Bruce Cahill following me on the

405 coming from Jamboree to MacArthur. He pulled off behind me on the

exit;"

29.     All the statements referred to above are false as Karpinski well knew and still

well knows. On the late evening of the day on which Karpinski filed the above-

referenced false claims, Bruce Cahill had shoved in his home mailbox a notice of these

FIRST AMENDED COMPLAINT FOR DAMAGES AGAINST KARPINSKI AND EDALAT

17

claims along with a warning that they could result in a serious damage to his reputation and to serious legal consequences.

**False Reports Made to the Irvine Police**

30.    In an attempt to have Cahill prosecuted for sexual crimes and for stalking, Karpinski made the following false reports to the Irvine Police Department:

(a) On October 13, 2016, Karpinski falsely stated to Irvine Police Officer McGehee that Mr. Cahill was stalking her. (Incident Report DR# 16-15720) Additionally, Karpinski falsely stated to Officer McGehee that Cahill and his son were stalking her on social media.

(b) After being told by Officer McGehee that it did not appear Cahill was stalking her, Karpinski left the police department, but then returned later the same day, on October 13, 2016, and stated to Officer McGehee that Cahill had sexually battered her and she now wanted to press charges. She falsely stated that Cahill had tried to kiss her after she received a promotion, on November 5, 2015, eleventh months before making this report. (Incident Report DR# 16-15720)

(c) On March 6, 2017, Karpinski falsely reported to the Irvine Police that Cahill was following her around in his black Jeep, following her when she drove to work on the 405 Freeway and also that he drove past her office once a week. (Incident Report DR# 17-3236)

(d) On September 25, 2017, Karpinski reported to the Irvine Police that Cahill had just driven by her office in his Jeep between 5:35 p.m. and 5:40 p.m.  (Incident

FIRST AMENDED COMPLAINT FOR DAMAGES AGAINST KARPINSKI AND EDALAT

18

Report DR# 17-13808)  Karpinski reported that she just won a lawsuit against Cahill and wished to file an incident report and wanted the officer to call Cahill to inquire why he was driving past her office, that he was stalking her.  The officer telephoned Cahill, told him that he had been stalking Karpinski, and warned that this could cause criminal sanctions against him. Cahill was not driving past Karpinski's office as she had falsely told the officer but instead was in a hospital attending to his wife who had just had a heart attack and a stroke.

### Edalat's Acts of Harassment and Intimidation

31.    Paul Edalat acted in concert with Karpinski and conspired with her to harass and intimidate Cahill, after and because he had brought the Fraud Case, by making many threatening and false statements against Cahill and his family.  After Cahill's Fraud Case was filed, in a text Edalat sent in the fall of 2016, Edalat threatened "Keep pressing my buttons. U have no idea who u r fucking with! Trust me." And later, "This is just the start, got some on you too, old pal." Edalat also threatened: "Happy father's day to all of you. Try to enjoy with your wife and kids before they are all served with this lawsuit *and all the rest."* These threats were all made in or around late summer or early fall, 2016.

32.    Edalat then repeatedly posted on his public Twitter account about Cahill, referring to Cahill as the "#westcoastberniemadoff." He posted a photo of Cahill and Bernie Madoff side by side stating "There is a slight resemblance in faces and a huge resemblance in actions!" [Post of October 17, 2016]

FIRST AMENDED COMPLAINT FOR DAMAGES AGAINST KARPINSKI AND EDALAT

33.     In addition to repeatedly referencing Bernie Madoff, Edalat accused Cahill of tax evasion and using shell corporations to hide money. [October 14, 2016]  Edalat also accused Cahill of "trying to #slutshame" Olivia Karpinski "and turn his victim into a guilty party." [October 13, 2016]  These postings during the Fraud Case litigation were included as exhibits to a motion filed at Docket Nos. 95-1 to 95-18 in Case No. 8:16-cv-00686.

34.     Following his post on Twitter referencing Cahill, Edalat posted after the jury verdict was returned:

> #thetruth always prevails. Jury found him guilty of sexual harassment, breach of fiduciary duty and fraud. [thumbs up emoji] [smiley face emoji] thank you!

[Edalat Twitter page publicly posted on August 8, 2017]

35.     Edalat posted again on his Twitter page:

> Bruce Cahill was found liable for sexual harassment, unanimously.

[Edalat Twitter page publicly posted on August 10, 2017]

36.     Edalat posted on *The Picta* with reference to a dispute between Cahill and his sister Farah Barghi at the federal courthouse:

> For a 70 year old man you have a lot of class! My sister is as young as your daughter. You were found guilty of sexual harassment by the jury in this court for harassing a young lady as old as your daughter.  . . .
>
> Thanks for also confirming your net worth of $20mill in court. Just make sure you don't blow it all in the next 12 months. I got a big judgment I will need to collect. The best way to punish you and your behavior is your checkbook! As you seem to not care about your reputation anymore. Btw. What's the punishment for bank loan fraud? Oops! "People who live in

FIRST AMENDED COMPLAINT FOR DAMAGES AGAINST KARPINSKI AND EDALAT

20

glass houses shouldn't throw stones" #ucirvine #uniirvinecalifornia @ucirvine @ucialphaphi @ucirvinepd @ uciathletics

[Edalat The Picta page publicly posted on September 1, 2017]

37.   Edalat, in concert with Karpinski's false claim that Cahill was stalking her at the office where Karpinski and Edalat work, posted on Twitter:

Even after being found guilty of sexual harassment and a TRO #brucecahill you still can't stay away? This time the cameras got you. Smile!  [posted with photo of a parked car that appears to have a date stamp of September 25, 2017]

[Edalat Twitter publicly posted on September 27, 2017] This post had a picture of a car, purportedly driven by Cahill, parked in the parking lot of the Gillette facility in Irvine at the very time that Cahill was at the side of his wife in the Mission Viejo hospital, as described in paragraphs 1 and 2 of this First Amended Complaint. Therefore, this was knowingly false because, as Edalat well knew, Bruce Cahill was not in any car in that parking lot and it was not his car. This picture was taken not only to post the above-quoted false statement about Cahill, but also to further the false claim that Karpinski had made with the Irvine Police Department (also referred to in paragraphs 1 and 2 of this First Amended Complaint) that Cahill was at that time in that parking lot, stalking and harassing Karpinski, when in fact he was not, as both Karpinski and Edalat then well knew.

38.   Edalat also posted on Twitter:

#brucecahill was found guilty of sexual harassment 8/17 by a federal jury. How is he still on @UCIrvine trustee board? [emoji] #WomenBoycottTwitter

FIRST AMENDED COMPLAINT FOR DAMAGES AGAINST KARPINSKI AND EDALAT

[Edalat Twitter publicly posted on October 13, 2017]

39.    Edalat then reposted the article posted by Karpinski on LinkedIn entitled "Sexual Harassment – Not Just Hollywood" in which Karpinski falsely compares Cahill to Harvey Weinstein as well as other false statements as shown above. [Edalat Twitter publicly posted October 16, 2017]

40.    Edalat, like Karpinski, posted a photograph of himself with California's Attorney General, the Honorable Xavier Becerra. Edalat commented above the photo:

> Great dinner meeting with ATTORNEY GENERAL #xavierbecerra top cop in CA. @ucirvine @ucirvinepd #firstfoundationbank #fraudcop #fraudfighter

[Edalat Twitter publicly posted on October 27, 2017] This post was made in concert with Karpinski's post on the same date in which she posted a photograph of herself with Attorney General Becerra from the same event and referenced Cahill, linking him to bank fraud.  These public postings by Karpinski and Edalat were false and are part of their ongoing campaign of intimidation and harassment against Cahill as shown by their prior postings where false statements were made against Cahill in which Karpinski and Edalat tagged "@ucirvine" and Cahill's bank "#firstfoundationbank" and made false allegations of fraud and compared Cahill to the notorious Bernie Madoff (as shown in the posts above).

41.    All of the false statements referred to or quoted above were intended to and did injure Bruce Cahill in his property. Specifically, they caused him embarrassment,

FIRST AMENDED COMPLAINT FOR DAMAGES AGAINST KARPINSKI AND EDALAT

22

humiliation, and discomfort in the workplace, in public, within his circle of friends and business associates, within his family's friends and at meetings of the charities in which he is active. Moreover, Cahill has had to combat the false allegations by hiring attorneys to meet and explain the truth to the police, to the Orange County Court, and has had to hire professional publicists to attempt to explain the truth to the public.

42.     These statements, unless restrained by this Court to the fullest extent allowed by the law, will, if they continue, cause irreparable injury to Cahill's reputation that cannot be adequately compensated by damages because they will injure his reputation with his peers, with the charities with which he works, and with his business community. This injury to reputation will occur if these false statements are allowed to continue unabated, and reputation lost, even to false statements, cannot be fully corrected nor adequately compensated with damages although damages have been sustained and will be proven at trial.

## COUNT I

### (Harassment of and Retaliation against a Party and Witness
### In Violation of 42 U.S.C. §1985(2))

43.     Plaintiff realleges each and every allegation stated in paragraphs 1 through 42 of this First Amended Complaint as if separately repleaded in full herein.

44.     Commencing at least as early as June, 2016 and continuing until the present time, Defendants Olivia Karpinski and Paul Edalat did, in violation of Title 42 U.S.C. §1985(2), conspire and act in concert with others to injure Bruce Cahill in his person or

FIRST AMENDED COMPLAINT FOR DAMAGES AGAINST KARPINSKI AND EDALAT

property on account of his having filed a civil case against them in federal court and thereafter having attended that case and having testified both before and during the trial of that case.

45.   In furtherance of this concerted effort and conspiracy, Karpinski did all the overt acts referred to in paragraphs 1, 2, 26, 27 (a) - (h), 28 (a) - (f), 29, 30 (a) - (d) of this First Amended Complaint, among other wrongful actions.

46.   In furtherance of this concerted effort and conspiracy, Edalat did all the overt acts referred to in paragraphs 31 through 40 of this First Amended Complaint, and all the subparagraphs therein, among other wrongful actions.

47.   Karpinski and Edalat acted in concert and conspired with each other, and with other parties not yet known to Cahill, to commence, carry out and continue these actions described above in a concerted effort to harass and intimidate Cahill as alleged above.

48.   These actions were done and continue to be done by Karpinski and Edalat with oppression, fraud, and malice towards Cahill and as a result, Cahill seeks an award of punitive damages in an amount that will punish Karpinski and Edalat and deter them from such conduct in the future.

49.   Karpinski's and Edalat's actions have injured Cahill in his property as alleged above and in the amounts to be proven at trial.

FIRST AMENDED COMPLAINT FOR DAMAGES AGAINST KARPINSKI AND EDALAT

50.   The ongoing nature of these actions will irreparably damage Cahill in the manner alleged in paragraph 42 hereof unless it these actions are restrained by this Court as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bruce Cahill requests relief as follows:

A.      For an award of compensatory and punitive damages in favor of Bruce Cahill and against Olivia Karpinski and Paul Edalat in the amount deemed just by the jury at trial. The amount sought as damages will be presented by a damage calculation that will exclude any damage from those of the above-referenced false statements that were the subject of libel claims in the Fraud Case; and those false statements will be proved in the trial of this case only as further evidence of the conspiracy to violate 42 U.S.C. §1985(2);

B.      For punitive damages in an amount deemed just by the jury;

C.      For an injunction prohibiting further false postings and ordering the removal from the public posts all provably false postings already made to the fullest extent allowed by law;

D.      For reasonable attorneys' fees incurred by Bruce Cahill in the prosecution of this action;

E.      For an award of all taxable costs allowable; and,

F.      For such other and further relief as this Court deems just and proper.

FIRST AMENDED COMPLAINT FOR DAMAGES AGAINST KARPINSKI AND EDALAT

# DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Bruce Cahill hereby demands a trial by jury on all issues so triable.

Dated:  March 1, 2018

Respectfully submitted,

MARKHAM & READ

By: */s/ John J.E. Markham, II*
John J. E. Markham, II
Attorney for Plaintiff

FIRST AMENDED COMPLAINT FOR DAMAGES AGAINST KARPINSKI AND EDALAT