UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES – GENERAL

| Case No. | SACV 18-00331 AG (DFMx) | Date | March 7, 2018 |
|---|---|---|---|
| Title | BRUCE CAHILL v. OLIVIA KARPINSKI ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

The matter is appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b). The Court VACATES the March 8, 2018 hearing on the Court's order to show cause.

"Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside of [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Plaintiff Bruce Cahill invoked that limited jurisdiction when he filed a complaint against Olivia Karpinski and Paul Edalat in federal court. *See id.*

Cahill purports to bring only one claim, and the asserted basis for that supposed claim is 42 U.S.C. § 1985(2). Cahill's complaint thus appears to be invoking federal question jurisdiction. But the allegations in the complaint aren't consistent with the purported claim.

The Court therefore asked Cahill to meet his burden of establishing that this Court has subject matter jurisdiction over this case. (Dkt. No. 17.) Cahill's brief didn't meet that burden. (*See* Dkt. No. 18.) On the other hand, compelling arguments were made to show that this Court doesn't have jurisdiction. (*See* Dkt. No. 21.) And a quick glance at the complaint's allegations about Defendants' statements and actions suggests that this case is a simple defamation case. The only allegation in the fifty-paragraph complaint that even comes close to an attempted threat or injury tied to the previous lawsuit between the parties doesn't suggest a conspiracy, and it wouldn't be actionable because of preclusion rules. *See* 42 U.S.C. § 1985(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-00331 AG (DFMx) | Date | March 7, 2018 |
|---|---|---|---|
| Title | BRUCE CAHILL v. OLIVIA KARPINSKI ET AL. | | |

"Nothing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotation marks omitted). This case is DISMISSED for lack of subject matter jurisdiction.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |